[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10017

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 09, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-00648-VMC-AEP

MARK G. COMERFORD,

                                                    Plaintiff - Appellant,

    versus

JOHN E. POTTER, Postmaster General, U.S. Postal Service,

                                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 9, 2010)

Before BARKETT and MARTIN, Circuit Judges, and HUNT,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

Mark G. Comerford appeals from the district court's grant of summary judgment in favor of the United States Postal Service ("USPS") on Comerford's claim brought pursuant to the Age Discrimination in Employment Act ("ADEA") that Joseph Gerace, the Postmaster in Bradenton, Florida, retaliated against him for filing a union grievance and an age-discrimination complaint.[1]  The district court granted summary judgment to USPS on the ground that Comerford failed to establish a <u>prima facie</u> case.[2]

Comerford, a long-time USPS employee, was working in 2004 as a letter carrier in Tallahassee and sought to trade jobs with a willing letter carrier in Bradenton.  Purporting to rely on Comerford's unsatisfactory attendance record, Gerace denied the request.  Comerford responded by filing a complaint with the USPS Equal Employment Opportunity ("EEO") department, alleging that Gerace's

---

[1]   The federal-sector provision of the ADEA, 29 U.S.C. § 633a(a), authorizes retaliation claims.  <u>Gomez-Perez v. Potter</u>, 553 U.S. 474 (2008).  Comerford does not challenge the district court's denial of his age discrimination claim on appeal, and thus this claim is not before us.  <u>See</u> <u>Rioux v. City of Atlanta, Ga.</u>, 520 F.3d 1269, 1274 n.4 (11th Cir. 2008).  However, Comerford's failure to pursue his age discrimination claim does not adversely affect his retaliation claim, which is legally and factually distinct.

[2]   "We review a district court's grant of summary judgment <u>de novo</u>, viewing the evidence in the light most favorable to the party opposing the motion."  <u>Webb-Edwards v. Orange County Sheriff's Office</u>, 525 F.3d 1013, 1026 (11th Cir. 2008).  In order to successfully allege a <u>prima facie</u> retaliation claim under the ADEA, "a plaintiff must show that (1) []he engaged in statutorily protected expression; (2) []he suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression."  <u>Weeks v. Harden Mfg. Corp.</u>, 291 F.3d 1307, 1311 (11th Cir. 2002).

2

real reason for denying the request was Comerford's age. Comerford also filed a union grievance, asserting that Gerace's purported reliance on Comerford's attendance record violated the USPS union contract. Comerford's EEO complaint was ultimately unsuccessful, but a dispute resolution team sustained Comerford's union grievance and his trade request was approved.

Comerford began working in Bradenton under Gerace shortly thereafter. Over the next several months, Comerford was constantly disciplined. Because Comerford believed that this discipline was unwarranted and in retaliation for his age-discrimination complaint, he successfully sought a transfer to Colorado, even though this transfer resulted in a loss of his seniority and his regular, full-time work status.

Comerford subsequently filed this ADEA action. In granting summary judgment to USPS on Comerford's retaliation claim, the district court focused exclusively on Comerford's union grievance. The court found that, because the union grievance was not based on age, Comerford did not engage in statutorily protected expression, and thus failed to establish a prima facie case. Nowhere did the district court mention Comerford's EEO age-discrimination complaint, which had alleged that Gerace's purported reliance on Comerford's attendance record was a pretext for denying the trade request.

There is no question that Comerford's EEO age-discrimination complaint constituted statutorily protected expression. See, e.g., Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 917, 920 (11th Cir. 1993). The fact that Comerford also filed a union grievance does not somehow negate his EEO age-discrimination complaint, especially given that the two were inexorably intertwined. Indeed, the union grievance challenged Gerace's purported reason for denying the trade request, which Comerford alleged was a pretext for the real reason for the denial (Comerford's age). Thus, the district court erred by granting summary judgment to USPS on the ground that Comerford failed to engage in statutorily protected expression. Accordingly, we vacate the district court's opinion with respect to Comerford's retaliation claim and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART; VACATED IN PART AND REMANDED.**